NELSON L. COHEN, ESQ.
Nevada State Bar No. 7657
PAUL A. ACKER, ESQ.
Nevada State Bar No. 3670
TROY A. CLARK, ESQ.
Nevada State Bar No. 11361
BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
SUITE 250
LAS VEGAS, NV 89144
TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
ncohen@bremerwhyte.com
packer@bremerwhyte.com
tclark@bremerwhyte.com

Attorneys for Defendant,
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LENARD E. SCHWARTZER, in his capacity as Bankruptcy Trustee for the Bankruptcy Estate of Alisson Santos,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation; and DOES I through V; and, ROE CORPORATIONS VI through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01115-APG-PAL<br><br>**AGREED PROTECTIVE ORDER** |

Upon stipulation of the parties, it is hereby ORDERED that all documents and other materials produced by Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter sometimes referred to as "AMFAM") voluntarily or by Order of the Court, have been and will be produced under the following conditions.

I.

A.  The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, technical and other commercially

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

H:\1183\757\CF\Confidentiality Agreement.docx

sensitive information and that the producing party has a protected proprietary and property interest in those materials.

B. If AMFAM has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, AMFAM may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.E., below, and relying upon the terms of this Order in producing said information. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to the Agreed Protective Order. This Agreed Protective Order shall also apply to the specific pages and lines from oral depositions designated as "CONFIDENTIAL" by the producing party in accordance with Section I.E., below.

C. When used in this Agreed Protective Order, the word "CONFIDENTIAL" means designated commercially sensitive business information, and other confidential and/or proprietary information of AMFAM or its affiliates and parent companies.

D. When used in this Agreed Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, claims histories, claims files, adjustment data, videotapes, Answers to Interrogatories, Responses to Requests for Production of Documents, deposition transcripts, documents produced by the producing party to any governmental agency or body or any time deemed by a governmental agency to be confidential under Federal or State law which discloses "CONFIDENTIAL" information. Nothing in the Agreed Protective Order, however, shall be interpreted to require the production of any trade secret information as defined in Nevada Revised Statute 600A.010 et. al or otherwise.

E. In order to designate a portion of any document or other printed material as "CONFIDENTIAL", AMFAM shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility of any information contained within the material, but which makes it difficult to remove the designation. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL", the producing party shall make the case or envelope

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

2

H:\1183\757\CF\Confidentiality Agreement.docx

containing the material with the word "CONFIDENTIAL". Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

      F.    In the case of a deposition or oral examination, counsel for AMFAM may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held "CONFIDENTIAL" and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for AMFAM receives a transcript of the deposition and for 30 days thereafter. In the event that AMFAM's counsel, during the deposition, does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL", AFMAM does not waive its right to designate the deposition testimony as "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 30 days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL". The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Agreed Protective Order, will execute an acknowledgement thereof, and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.G below) any deposition testimony or exhibits in this lawsuit.

      G.    When used in this Agreed Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all court personnel; (2) the named parties in this litigation; (3) retained counsel for all of the parties in this litigation, including members of counsel's legal or support staff (e.g. in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation; and (5) the Court, the Court's staff, witnesses, and the jury in this case.

## II.

Absent a further Order of the Court, those documents marked as "CONFIDENTIAL

3

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

H:\1183\757\CF\Confidentiality Agreement.docx

MATERIAL" as described in Sections I.C. and I.D. shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I.G. without the prior written agreement of the producing party or Order of the Court after due notice to the producing party.

### III.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL INFORMATION" to any COVERED PERSON other than the Court and court personnel, counsel shall first obtain from each person a signed "WRITTEN ASSURANCE" in the form attached hereto as **Exhibit "A"**. Counsel shall maintain a list of all recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only produce a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

### IV.

**Not Approved. The parties must comply with LR 10-5.**

A. ~~If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL", the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope and the following legend shall prominently appear:~~

> LENARD E. SCHWARTZER, et. al., v. AMERICAN FAMILY MUTUAL INSURANCE, Case No. 2:15-DV-01115-APG-PAL-CONFIDENTIAL-This envelope contains CONFIDENTIAL documents or other material filed by American Family. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.

B. "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for

BREMER WHYTE BROWN & O'MEARA LLP
1180 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

4

H:\1183\757\CF\Confidentiality Agreement.docx

AMFAM is present, and such to AMFAM's right to seek in camera treatment of such documents or materials. Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

**Not approved. The parties must comply with LR 10-5.**

C. ~~All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contains, set forth, summarizes, or otherwise discloses "CONFIDENTIAL MATERIAL" shall be under seal and such documents shall not be publicly available, except by further Order of this Court.~~

D. If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Agreed Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for AMFAM of the service of the Subpoena and shall promptly transmit a copy of the Subpoena to counsel for AMFAM. AMFAM will have ten days from the date of confirmed receipt of the Subpoena by its counsel to intervene to request that the Subpoena be quashed. If a Motion to Quash is filed, the party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for AMFAM, or an Order of a Court of competent jurisdiction.

## V.

Certain parties can produce large volumes of materials in discovery in this matter, including large collections of materials in the form of paper or electronic format repositories, increasing the likelihood that information protected from discovery by certain privileges or immunities, or "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently. Therefore, the following provisions shall apply to the production of information in this case.

A. Inadvertent production of documents subject to work product immunity, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege either for the inadvertently produced document or its subject matter (so-called "subject matter waiver"), produced that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

5

H:\1183\757\CF\Confidentiality Agreement.docx

B.      If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support or database. No use shall be made of such documents during discovery or trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

C.      If any party contends that the notification of inadvertent production was not "reasonably prompt", it shall notify the producing party in writing, and will make no further use of such documentation pending a resolution of its status by the Court. It shall be the burden of the producing party to move for a Protective Order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovery the inadvertent production.

D.      The party returning or destroying such documents may move the Court for an Order compelling production of the material, but such Motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an Order.

E.      Inadvertent failure to designate produced materials as "CONFIDENTIAL MATERIAL", pursuant to the terms of Section I above shall not constitute a waiver of the right to designate such materials "CONFIDENTIAL", provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

F.      If reasonable notification is made of such failure to designate, such inadvertently non-designated documents and all copies thereof, shall be returned to the producing party or destroyed and such material shall be deleted from any litigation-support or database. No use shall be made of such non-designated documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

G.      Any inadvertently produced document or documents provided to the Court pursuant to Section V shall not be considered "court records" as defined in Nevada Revised Statutes Section 231.001 et. seq. and similar statutes.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

6

H:\1183\757\CF\Confidentiality Agreement.docx

## VI.

Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all "CONFIDENTIAL MATERIAL" including any copies (except those determined by the Court or agreed by the parties not to be "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS", except that parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-"CONFIDENTIAL" portions of deposition transcripts, notes, summaries, expert reports, trial and hearing transcripts, or other attorney work product which refers to or describes "CONFIDENTIAL MATERIAL". Deposition transcripts need not be returned if all "CONFIDENTIAL" portions have been destroyed or obliterated.

## VII.

In the event that counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL", he or she shall notify counsel for AMFAM in writing within thirty days of the receipt of "CONFIDENTIAL MATERIAL" specifying the material that is challenged. AMFAM would then bear the responsibility of seasonably applying to the Court for a determination that the specified "CONFIDENTIAL MATERIAL" is protected pursuant to this Agreed Protective Order. Until a final determination by the Court, any disputed document shall be treated as "CONFIDENTIAL MATERIAL" pursuant to this Agreed Protective Order. Nothing in the Agreed Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

## VIII.

A. This Agreed Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery or evidence. Nothing contained in this Agreed Protective Order shall, in any manner, change, alter or modify any of the rights of the producing party or any other party under any other Orders issued by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Agreed Protective Order shall limit the rights of the parties to apply for further Protective Orders or for modification of the terms of this Agreed

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

7

H:\1183\757\CF\Confidentiality Agreement.docx

Protective Order.

B. This Protective Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

C. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorney's successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations, over which they have control.

IX.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Agreed Protective Order.

This Protective Order is agreed to by and between the parties.

DATED this 3 day of ~~November~~ December, 2015        DATED this 2 day of November, 2015

VANNAH & VANNAH                                          BREMER WHYTE BROWN & O'MEARA

By: _____                              By: _____
Robert D. Vannah, Esq.                                   Nelson L. Cohen, Esq.
Nevada Bar No. 2503                                      Nevada Bar No. 7657
Mark L. Jackson, Esq.                                    Paul A. Acker, Esq.
Nevada Bar No. 10905                                     Nevada Bar No. 3670
400 S. Seventh Street, Suite 400                         Troy A. Clark, Esq.
Las Vegas, Nevada 89101                                  Nevada Bar No. 11361
*Attorneys for Plaintiff*                                1160 N. Town Center Dr., #250
                                                         Las Vegas, Nevada 89144
                                                         *Attorneys for Defendant*

IT IS SO ORDERED.

Dated: December 7, 2015

_____
UNITED STATES MAGISTRATE JUDGE

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

8

H:\1183\757\CF\Confidentiality Agreement.docx